UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HILSON
and NICOLE HILSON

        Plaintiffs,

v.                                             Case No. 8:11-cv-13-T-27MAP

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

      The Plaintiffs, GEICO's insureds, have filed this third-party bad faith action against GEICO for failing to properly settle a claim that resulted in a significant money judgment against them. Plaintiffs now move for an order compelling GEICO to produce personnel files responsive to their third request to produce and subpoena duces tecum of Kevin Holjes (doc. 38). GEICO objects (doc. 49) asserting the requests are overly broad and the personnel files contain confidential information. After consideration, Plaintiffs' motion to compel is granted in part and denied in part as set out below.

      Plaintiffs claim GEICO employees Karen Hall, Patricia Thomas, and Kevin Holjes were intimately involved in the handling of the claim for liability and damages at issue here. For each of these employees, covering a significant time spread, the Plaintiffs seek the same broad categories of information: training, education, experience, licensure, pay level, job positions, responsibilities and duties associated with the positions,

complaints against them, commendations, and performance evaluations.  GEICO objects to these requests on several grounds: the requests are overly broad in time and scope; are not relevant to the present bad faith litigation; and contain confidential information.

The operative guide is Fed. R. Civ. P. 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  For the reasons stated in my June 21, 2012, order (doc. 84), the relevant time span is the one that corresponds with GEICO's duty to defend, namely: from the date of the accident (March 19, 2004) through the issuance of the mandate.  Accordingly, the Plaintiffs' requests are arguably limited to this period.

With this in mind, I find some of the Plaintiffs' personnel information requests relevant for Rule 26(b)(1) purposes: their duties and responsibilities, licensures (if any), and their training.  Information about their pay and job performance (including commendations), however, are not relevant.  Likewise, I do not find *every* adverse employment action relevant.  I recognize that inadmissible evidence may be discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1).  Thus, by definition, "relevancy" for discovery purposes does not equate to "relevancy" as defined by Fed. R. Evid. 401.  But I find it difficult to fathom how an adverse employment action would fit within this broad framework unless it involved conduct pertaining to the claim at issue here or involved the deliberate or reckless

misrepresentation of information for any claim. Those two narrow categories would be relevant.[1]

For these reasons, it is

ORDERED:

1. Plaintiffs' motion to compel (doc. 38) is granted in part and denied as set forth above.

2. Plaintiffs' request for fees associated with the filing of their motion is denied.

DONE and ORDERED in Tampa, Florida, on July 17, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] Presumably, the Plaintiffs would intend to offer an adverse employment action under Fed. R. Evid. 404(b). But the 2006 amendments to the rule make clear that "evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." *See* advisory committee note (2006 amendments). Extrinsic evidence about actions taken for conduct involving other claims would be prohibited under the rule. Such matters, however, might the subject of examination under Rule 608(b) if probative of the witness's character for untruthfulness. If GEICO disciplined one of these employees for conduct involved in the claim at issue, Rule 404 has no application. But any adverse employment action for misrepresenting information about other claims arguably could be inquired about upon cross examination under Rule 608(b). These two categories satisfy Rule 26(b)(1)'s outline.