UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HILSON
and NICOLE HILSON

        Plaintiffs,

    v.                                    Case No. 8:11-cv-13-T-27MAP

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

    The Plaintiffs, GEICO's insureds, have filed this third-party bad faith action against GEICO for failing to properly settle a claim that resulted in a significant money judgment against them. GEICO now moves for an order compelling non-party Inez Johnson's counsel, Robert Joyce and Lillian Reyes, to produce documents pertaining to two entries in their privilege log: interoffice emails and trial notebooks (doc. 44). Non-Party Inez Johnson's counsel ("non-party counsel") objects claiming work product privilege and attorney client privilege.[1] After consideration, GEICO's motion to compel is denied.

    GEICO seeks production of "[y]our entire and complete file regarding your representation of Inez Johnson in connection with the accident in which Ms. Johnson and

---

[1] Non-party counsel have revoked their previously asserted objection of spousal privilege. *See* doc. 64 p. 4 fn 3.

Nicole Hilson were involved on May 19, 2004," (docs. 44-1 and 44-2). Non-party counsel objects claiming that various interoffice emails contain work product involving attorney impressions, conversations, instructions to staff, notes, and strategy (doc. 44-5). The same objections are raised regarding trial notebooks covered under GEICO's production request. *Id*. In response to GEICO's motion and objection regarding the current privilege log lacking specificity, non-party counsel has filed an updated privilege log containing the document creation date, type of document, bates stamp range, privilege asserted, and document description. As such, GEICO's objection that the original privilege log lacks specificity is moot.

Before a claim of privilege will be addressed, good cause must be shown that the materials requested are relevant to the subject matter involved in this action. *See* Fed. R. Civ. P. 26(b)(1). This threshold inquiry has not been met. "The focus in a bad faith case is not on the actions of the claimant but rather on those of the insurer in fulfilling its obligation to the insured." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 677 (Fla. 2004). Regarding the trial notebooks, GEICO seeks production of Joyce's mental impression as to trial outlines, notes from *voir dire*, witness examination, and trial presentation. Joyce points out that only 10% of the trial notebooks are being claimed to contain privileged material and the other 90% will be disclosed to GEICO for inspection. Turning to the email communications between Joyce, his staff, and his client, GEICO fails adequate demonstrate what, if any, relevance exists. The same is true of the trial notebooks. Whether GEICO satisfied its duty to its insured (the Hilsons) is the underlying question to

this action.  What relevance a trial notebook or emails from counsel to his client (third party injured) have to the instant matter is speculative.  Accordingly, it is

ORDERED:

1. GEICO's motion to compel (doc. 44) is denied.

2. GEICO's request for additional relief as deemed appropriate by this Court is similarly denied.

DONE and ORDERED in Tampa, Florida, on July 17, 2012.

*[signature: Mark A. Pizzo]*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE