UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HILSON
and NICOLE HILSON

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　Case No. 8:11-cv-13-T-27MAP

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

**ORDER**

      This is a third-party bad faith action over GEICO's alleged failure to settle a negligence claim against the Plaintiffs that resulted in a significant money judgment against them. GEICO served the Plaintiffs with production requests seeking "all" of the documents in their custody from the date of accident supporting the coverage claim through the issuance of the appellate mandate affirming the judgment against the Plaintiffs. Faced with the Plaintiffs' claims of attorney-client privilege and an extensive privilege log, GEICO now moves to compel production of "all documents listed on Plaintiffs' [log] between Plaintiffs and John Golding," an attorney GEICO retained to defend the Plaintiffs in the lawsuit filed against them (doc. 53 at p. 3). For the reasons stated, the motion is granted to the extent that the Plaintiffs are to produce documents memorializing any communications regarding offers GEICO made to settle the lawsuit filed against them. In all other respects, the motion is denied.

      *A. Discussion*

      As an aside, a number of reasons support denying GEICO's motion perfunctorily. First,

the request for production is patently overbroad and fails to meet the "reasonable particularity" requirements set out in the rule authorizing production requests. Fed. R. Civ. P. 34(b)(1) (the request "must describe with reasonable particularity each item or category of items to be inspected"). While Plaintiffs could have objected on this ground, they did not; instead, they provided some documents (those dealing with the attorney who represented them before Golding and who the Plaintiffs claim acted ineffectively) and asserted others were protected by attorney-client privilege. As to those items, the Plaintiffs tendered to GEICO a log thirty pages long with single-spaced entries noting attorney-client privileged and work-product protected items. From that, GEICO now moves to compel the production of over 80 listed categories (doc. 50, ex. B).[1] Given the nature of the instant action, how many of the disputed documents are even relevant for Rule 26(b)(1) purposes (the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense") is questionable, which is another reason to deny such a broad, unparticularized demand.[2]

Irrespective, Florida law (Fla. Stat. § 90.502) governs the scope of the attorney-client privilege. *Allstate Ins. Co. v. Levesque,* 263 F.R.D. 663, 666 (M.D. Fla. 2010); Fed. R. Evid. 501. Ordinarily, review of such matters requires a document-by-document study, and the proponent of the privilege bears the burden for showing the privilege applies. Rule 26(b)(5)(A). Fortunately, a document-by-document review is not required. In a previous order dealing with

---

[1] These items are identified in the log by bate-stamps numbers. Some of the items are single page; most, however, are multiple-page entries.

[2] For example, if GEICO had communicated to Plaintiffs' counsel (either Golding or his predecessor) an offer to settle the underlying claim, a matter GEICO would presumably have recorded in its file, it could have asked the Plaintiffs to produce those documents or communications reflecting its offer.

GEICO's assertions of work-product and attorney-client claims over its documents (*see* doc. 84), I stated that when GEICO accepted the Plaintiffs' defense obligations, GEICO and the Plaintiffs' interests merged. *Liberty Mutual Fire Ins. Co. v. Kaufman*, 885 So.2d 905, 908 (Fla. 3rd DCA 2004). This common interest, arising from GEICO's assumption of the duty to defend the Plaintiffs, bars the attorney-client privilege from attaching to communications among the attorney defending the Plaintiffs during the appeal, GEICO, and the Plaintiffs. *Id.* It is unclear to me after examining the privilege log whether documents reflecting GEICO's communications to the Plaintiffs or their counsel about offers to settle from the date of the claim through the issuance of the mandate exist and if they exist, whether the Plaintiffs have withheld such items under the attorney-client privilege.[3] If the Plaintiffs have such documents and are claiming they are privileged, *Liberty* dictates that those items be turned over. Otherwise, GEICO has failed to show that any other documents in its unparticularized requests for production would have any relevancy to a claim or a defense at issue in this case.

    *B. Conclusion*

For the reasons stated, GEICO'S motion to compel (doc. 53) is granted to the extent outlined above; in all other respects, the motion is denied.

IT IS SO ORDERED at Tampa, Florida, on August 1, 2012.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record

---

[3] This period comports with GEICO's duty to defend. *See* order at doc. 84.