UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HILSON
and NICOLE HILSON,

       Plaintiffs,

       v.                     CASE NO.:8:11-cv-00013-35MAP

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This case presents an issue of first impression in Florida: Is an insured who obtains a judgment against her insurer for the negligence of its in-house counsel in defending her entitled to her reasonable attorneys' fees under Fla. Stat. § 627.428(1) in prosecuting the negligence action? I say the answer is yes and recommend the district judge award the Hilsons their attorneys' fees in the amount of $614,600.[1]

*A. Background*

The Eleventh Circuit's decision affirming the Hilsons' negligence judgment sets out the relevant events triggering Geico's representation of the Hilsons:

> The Hilsons' sixteen-year old daughter was involved in an automobile accident in which Ms. Johnson was injured. The daughter was at fault. The

---

[1] The Hilsons' motion for fees is at doc. 295; Geico's response is at doc. 303. The district judge referred this matter, as well as the motion for costs (doc. 243), to me for reports and recommendations. 28 U.S.C. § 636. The Parties agreed to the costs (doc. 301); thus, only the Hilsons' motion for attorneys' fees remains outstanding.

> Insurance Company [Geico] provided insurance coverage for the Hilsons. Before the underlying plaintiff, Johnson, filed suit against the Hilsons, the Company's adjusters had learned the name of Johnson's treating physician, Dr. Laborde, but despite assiduous efforts had not been successful in obtaining from Johnson's attorneys a copy of Laborde's medical records, or much detail about what his records would have shown. In particular, the Insurance Company's file revealed the name of the treating physician and the fact (but not the extent) of Johnson's back injuries, but did not reveal a consultation with a surgeon or the surgeon's recommendation of surgery. Without the foregoing information, the Insurance Company declined to settle the underlying case when Johnson's attorneys offered to settle within the $10,000 policy limits on January 24, 2006. Later a jury awarded Johnson very substantial damages against the Hilsons. This excess judgment, the excess over the policy limits, forms the basis of the damages that the Hilsons seek in their instant suit against the Insurance Company.

Doc. 287 at 2-3.

The district judge submitted two claims for the jury's consideration: (1) did Geico act in bad faith in failing to settle Johnson's claim against the Hilsons; and (2) did Geico commit professional negligence in handling Johnson's lawsuit against the Hilsons and thereby cause the Hilsons' harm. *See* doc. 233 at 8 (Court's Jury Instruction #7). The jury found for Geico on the bad faith claim but concluded that Geico was professionally negligent (doc. 234). Based on the verdict and the Parties' stipulation as to the amount of damages due on that claim (an amount that equated to the excess judgments against the Hilsons), the Court directed the Clerk to enter judgment for the Hilsons and against Geico in the amount of $1,077,395.40. *See* docs. 280, 281. Geico appealed, and the Eleventh Circuit affirmed, finding that "[a] reasonable jury could find, and this jury did find, that [Geico's in-house counsel] Bloom's actions constituted negligence." *See* doc. 287 at 5.

   B. *Entitlement to Fees – the scope of "under a policy"*

2

The Hilsons claim entitlement to attorneys' fees under Fla. Stat. § 627.428(1). That provision says the following:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). The Hilsons read § 627.428(1) broadly, arguing it "applies in virtually all suits arising under insurance contracts[.]" *See* doc. 295 at 6 (quoting *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993)). In sum, because they won, they get their attorneys' fees. Geico, however, posits four reasons for why the statute does not apply here: (1) the Hilsons' professional negligence action sounds in tort as opposed to contract, making the successful aspect of the litigation outside the provision's contractual limitation; (2) the law's reach is limited to coverage disputes where an insurer wrongfully withholds benefits owing under the policy; (3) the Hilsons' negligence claim arose from their relationship with Bloom and not from Geico's actions under the insurance policy; and (4) the Hilsons failed to plead entitlement to fees (doc. 303).

Geico's last two arguments are easily resolved. Geico stipulated during the course of the trial that its counsel (Bloom) acted within the course and scope of his employment with the company and that any liability for Bloom's performance would be the company's to bear. *See* doc. 267 at 5-6. Bloom acted as Geico's agent, plain and simple. Geico's real

3

complaint is that the Hilsons' negligence count failed to state a cognizable cause of action. *Id.* If that what Geico is saying here, the Eleventh Circuit rejected that contention.[2] As to their last argument, the failure to plead for fees in their complaint, the Hilsons correctly point out that a formal demand for fees is not required and, in any event, they asked for fees in their operative complaint (doc. 85). That leaves Geico's first two reasons, and both are related even though Geico says they are distinct.

The starting point for the analysis is of course the text of the statute. *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008) (reviewing this statute). Section 627.428(1) conspicuously omits any reference to good faith, bad faith, willfulness, or negligence. *Ins. Co. of N. Am. v. Lexow,* 602 So. 2d 528, 531 (Fla. 1992). Accordingly, the insurer's good faith (or its lack of bad faith) is simply "irrelevant." *Id.* "If the dispute is within the scope of section 627.428(1) and the insurer loses, the insurer is always obligated for attorney's fees." *Id.*; *see also Palma*, 629 So. 2d at 832 ("[T]he statute applies in virtually all suits arising under insurance contracts[.]"). The question then is whether the Hilsons' judgment is "under a policy or contract executed by the insurer."

Geico says the answer to this question is no, using a simple syllogism. Section 627.428(1) requires an insured acquire a "judgment" against her insurer for an action "under

---

[2] "Under the law-of-the-case doctrine, the resolution of an issue decided at one stage of the case is binding at later stages of the same case. The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior [stage]." *Schaivo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (internal citations omitted).

a policy or contract." The Hilsons' professional negligence judgment is for a tort (as opposed to a breach of contract). Therefore, the Hilsons' judgment cannot be one "under a policy or contract" as § 627.428(1) demands. That logic oversimplifies the analysis to a legal pigeonhole. Sometimes the line between a breach of contract and a tort is blurry. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos.*, 110 So. 3d 399, 401 (Fla. 2013) ("[T]he fundamental boundary" between contract law and tort law is that a contract action is "designed to enforce the expectancy interests of the parties," whereas a tort action serves to compensate the victim who was physically harmed by another who failed to exercise a duty of reasonable care.).

Although negligence sounds in tort, the Hilsons' label for their successful action is unimportant here. The expectation that the Hilsons' judgment satisfies is the one that their policy guaranteed – that Geico will defend the Hilsons in matters the policy covered. Geico avoids this fact and seems to suggest that § 627.428(1)'s coverage is limited to those instances where an insurer has denied coverage to an insured, even though the duty to defend is contractually based and broader than the duty to pay. *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d. 142, 144-145 (Fla. 1997). Indeed, contrary to Geico's position, Florida courts recognize that § 627.428(1) "was promulgated to protect an insured from an insurer's non-compliance with the duty to defend . . . ." *Argonaut Ins. Co. v. Md. Cas. Co.*, 372 So. 2d 960, 964 (Fla. 3rd DCA 1979). Florida courts also take the view that an insurer breaches this duty not only by refusing to defend its insured but also by inadequately defending its insured. *Aaron v. Allstate Ins. Co.*, 559 So. 2d 275, 277 (Fla. 4th DCA 1990) (upholding cause of

5

action against insurer for an inadequate defense); *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Assoc.*, 483 So. 2d 513, 516 (Fla. 3d DCA 1986) (An insurer's contractual duty to defend encompasses the obligation to "provide an adequate defense."). The Hilsons' judgment falls within § 627.428(1)'s ambit; accordingly, they are entitled to their attorneys' fees.

*C. Fee Multiplier*

The Hilsons and Geico successfully mediated and reached agreements as to costs (*i.e.*, 28 U.S.C. § 1920) and the amount of the lodestar applicable for attorneys' fees ($614,600; *see* doc. 301). Their agreement, however, asked the Court to decide the Hilsons' entitlement to fees and, if entitled, to decide if their counsel deserved a multiplier to the stipulated lodestar. Having answered the entitlement question, I address the applicability of a multiplier to the stipulated lodestar. *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 831-834 (Fla. 1990). Any decision to award a multiplier to the attorneys' fees awarded pursuant to § 627.428 is discretionary. *Allstate Ins. Co. v. Regar*, 942 So. 2d 969, 974-975 (Fla. 2d DCA 2006). And, as the United States Supreme Court has explained, "there is a 'strong presumption' that the lodestar figure is reasonable" and this presumption is overcome only in "rare" circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). Even in complex cases, this presumption remains because the lodestar amount is based on the number of hours reasonably spent on the litigation, which reflects the novelty and complexity of the case. *State Farm Fla. Ins. Co. v. Alvarez*, No. 3D14-1291, 2015 WL 5438561, at *4 (Fla. 3d DCA Sept. 16, 2015).

The Florida Supreme Court set forth three factors to be considered in awarding a multiplier: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel, (2) whether the attorneys were able to mitigate the risk of nonpayment in any way, and (3) whether any of the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985), are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorneys and the clients. *Quanstrom*, 555 So. 2d at 834. If a court decides a multiplier is appropriate, *Quanstrom* offers this guidance: "If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5." *Id.* Here, a multiplier is not warranted under the *Quanstrom* factors.

As to *Quanstrom*'s first prong, "there should be evidence in the record, and the trial court should so find, that without risk-enhancement [the] plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla. 1990). "If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." *USAA Cas. Ins. Co. v. Prime Care Chiropractic Ctrs., P.A.*, 93 So. 3d 345, 347 (Fla. 2d DCA 2012). Here, the Hilsons have not presented sufficient evidence that they would have been unable to find a lawyer who would have taken

7

the case without the possibility of a multiplier. In fact, the Hilsons do not present any evidence that they had difficulty obtaining counsel without a fee multiplier. Rather, they merely proffer attorney (and their fee expert) Dennis Diecidue's unsupported opinion that "it would be difficult for a plaintiff to obtain competent counsel, in the Tampa Bay area, on a claim of insurance bad faith or legal malpractice, without that lawyer having the possibility to obtain a contingency risk fee multiplier." Doc. 295-5 at 5. This is not enough. *See, e.g., Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939247, at *3 (M.D. Fla. Mar. 20, 2012) (adopting report and recommendation that concluded Plaintiff failed to produce reliable evidence that he would have had difficulty finding counsel in the Tampa Bay market absent a multiplier). Therefore, I decline to apply the multiplier.

    *D. Conclusion*

    For all these reasons, I recommend:

    1. The Hilsons' motion for attorneys' fees (doc. 295) be GRANTED; and

    2. The Hilsons be awarded $614,600 in attorneys' fees.

IT IS SO REPORTED in Tampa, Florida on October 9, 2015.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

    A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.