UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA HILSON
and NICOLE HILSON,

    Plaintiffs,               CASE NO.    8:11-cv-00013-MSS-MAP

vs.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE TO GEICO'S OBJECTION (DKT. 310)
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 309)**

    GEICO's objection offers no support for its suggestion that the Magistrate Judge disregarded or overlooked any controlling law. Likewise, there is nothing in Rule 72 that required the Magistrate Judge to "cite or acknowledge" the law GEICO cited to in opposing Plaintiffs' motion for fees. The Report and Recommendation accurately summarized GEICO's arguments and, in rejecting those arguments, cited to the law supporting the recommended disposition. Notably, GEICO's objection fails to address, much less distinguish, the case law cited in the Report and Recommendation[1].

    GEICO's duty to adequately defend Plaintiffs arose solely from the language of an automobile liability insurance contract. See p. 11, Dkt. 1-1; ¶ 17, Dkt. 85[2]; Aaron v. Allstate, 559 So. 2d 275, 277 (Fla 1990) (citing Carrousel Concessions, Inc. v. FIGA, 483 So. 2d 513 (Fla 3d DCA 1986); Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co., 2015 WL 4716108

---

[1] GEICO's objection also fails to address the authorities cited in Plaintiffs' reply (Dkt. 307).
[2] This paragraph alleged "Defendant undertook to defend Plaintiffs against the claim under the policy of automobile insurance described above". Count II, asserting professional negligence, incorporated this allegation. See ¶ 38, Dkt. 85.

at *3 (M.D. Fla. Aug. 7, 2015). Exercising its rights under that contract, GEICO assigned a staff attorney who failed to promptly obtain medical evidence necessary to evaluate the claim presented in the lawsuit filed against Plaintiffs. See pp. 1-2, 5, Dkt. 279, pp. 1-3, Dkt. 287. The jury found that failure caused excess judgments to be entered against Plaintiffs. See Dkts. 1-2, 85-1, 234, 281. The Magistrate Judge's Report and Recommendation properly concluded Plaintiffs are entitled to fees under Florida Statute § 627.428 given that the purpose of the statute is to protect insureds from a carrier's non-compliance with the duty to defend. See Argonaut v. Maryland Casualty, 372 So. 2d 960, 964 (Fla. 1979); Campbell v. GEICO, 306 So. 2d 525, 532 (Fla. 1974); Allstate Ins. Co. v. Regar, 942 So. 2d 969, 972 (Fla. 2d DCA 2006); Leaf v. State Farm Mut. Auto. Ins. Co., 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989) (purpose is "to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so." (citations omitted)).

Since the 1920s, Florida's supreme court has said that an insurance company is liable for attorney's fees in every case where it unsuccessfully defends an action against it, under a policy issued by it, regardless of whether it is a defense of law as to the company's liability under the policy or one of fact as to the amount of damages. Feller v. Equitable Life Assur. Soc. of U.S., 57 So. 2d 581, 583 (Fla. 1952) (discussing § 625.08, the predecessor to § 627.428) (citing U.S. Fire Ins. Co. v. Dickerson, 90 So. 613, 616 (1921)). In the 1990s, it reiterated "the statute applies in virtually all suits under insurance contracts" and "if the insurer loses, the insurer is always obligated for attorneys fees". State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832 (Fla. 1993); Ins. Co. of N. Am. v. Lexow, 602 So. 2d 528, 531 (Fla. 1992).

Even more recently, it confirmed "[t]he plain language of section 627.428 provides for an award of attorney's fees to a 'named or omnibus insured or the named beneficiary' who obtains a judgment or decree against an insurer". Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 374 (Fla. 2008).  Thus, under limited circumstances, like those here, where the insured sues the carrier alleging a failure to adequately or successfully defend, fees under § 627.428 are authorized.  See Campbell, 306 So. 2d at 532; Regar, 942 So. 2d at 975.  Where the court has refused to expand recovery of § 627.428 fees is to actions filed by third-party beneficiary claimants.[3]  See Roberts v. Carter, 350 So. 2d 78, 79 (Fla. 1977); Wilder v. Wright, 278 So. 2d 1, 3 (Fla. 1973).

Plaintiffs' case appears to be the first in Florida in which a liability insurer was held liable for professional negligence committed by its staff attorney.  So, no court has previously had the opportunity to address whether § 627.428 applies in that context.  The fact that this is a case of first impression is likely the reason why, during trial, GEICO stipulated (p. 6, Dkt. 267), for the purposes of this case only, that if staff counsel was found to have committed malpractice, then his negligence would be attributable to GEICO and any resulting damages could be assessed against GEICO. Id. ("If [Bloom is] found guilty of malpractice, [GEICO] will be liable for that.").  The statute applies because GEICO's liability to Plaintiffs for professional negligence arose out of its contractual duty to adequately defend Plaintiffs.

---

[3] In other words, if Inez Johnson filed the instant lawsuit, without an assignment from the Hilsons, the court has said her attorneys would not be entitled to fees under § 627.428.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **November 3, 2015**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                 s/Stephanie Miles
                                                STEPHANIE MILES
                                                Florida Bar No. 15516
                                                ANGELA RODANTE
                                                Florida Bar No. 092509
                                                SWOPE, RODANTE P.A.
                                                1234 5th Avenue East
                                                Tampa, Florida 33605
                                                P: (813) 273-0017
                                                F: (813) 223-3678
                                                StephanieM@swopelaw.com
                                                AngelaR@swopelaw.com
                                                Attorneys for Plaintiffs